```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| OMAR SAUNDERS, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action<br>No. 15-2683 (JBS) |
| STEPHEN D'ILLIO, | **OPINION** |
| Respondent. | |

APPEARANCES:

OMAR SAUNDERS, Petitioner Pro Se
500625/320329C
East Jersey State Prison
Lock Bag-R
Rahway, New Jersey 07065

LINDA A. SHASHOUA, Esq.
Camden County Prosecutor's Office
Appeals Unit
25 North Fifth Street
Camden, New Jersey 08102
    Attorney for Respondent Stephen D'Illio

**SIMANDLE, Chief District Judge:**

**I.   INTRODUCTION**

   This matter comes before the Court on Omar Saunders' ("Petitioner") motion to amend his habeas corpus petition. Motion to Amend, Docket Entry 16. Respondent Stephen D'Illio opposes the motion. Opposition, Docket Entry 17. This motion is being considered on the papers pursuant to Fed. R. Civ. P.

78(b). For the reasons stated below, the motion to amend the petition is granted in part and denied in part.

## II. BACKGROUND

On April 1, 2015, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court challenging certain aspects of his 2004 trial. Petition, Docket Entry 1. As Petitioner did not include the filing fee or an application to proceed *in forma pauperis*, the Court administratively terminated the petition. The matter was reopened upon receipt of the filing fee on April 21, 2015.

The Court reviewed the petition pursuant to 28 U.S.C. § 2254 Rule 4 and noted that Petitioner had not included Addendum F, which Petitioner indicated contained the factual basis for his fourth ground for relief. Petition ¶ 12. The Court ordered Petitioner to submit Addendum F within 30 days or Ground Four would be deemed waived. April 29, 2015 Order, Docket Entry 3. Petitioner did not submit the addendum; therefore, the Court deemed Ground Four waived and ordered Respondent to answer only Grounds One, Two, and Three. Order to Answer, Docket Entry 4. Respondent submitted its answer and state court record on September 24, 2015. Answer, Docket Entry 9.

On October 26, 2015, Petitioner submitted a motion for an extension of time to file his traverse. First Motion for Extension, Docket Entry 10. The Court granted his motion and

2

ordered him to submit his traverse by December 17, 2015. Docket Entry 12. On December 15, 2015, Petitioner submitted a second motion for an extension requesting an additional 30 days as the paralegal who had been assisting Petitioner had been fired. Second Motion for Extension, Docket Entry 14 ¶ 7. The Court granted an extension and ordered Petitioner to submit the traverse by February 17, 2016. Docket Entry 15. The Court notified Petitioner that no further extensions would be permitted absent a showing of good cause. *Id.*

Instead of a traverse, Petitioner submitted this motion to amend the petition on January 22, 2016. He stated that he had originally been advised to only raise three arguments in his habeas petition. Motion to Amend ¶ 3. Upon consultation with the Inmate Legal Association, Inc., he was told to amend the pleadings to include a due process claim. *Id.* ¶ 4. Respondent opposes the motion on the grounds that the statute of limitations has expired and the amendment does not relate back to the original petition, and that permitting the amendment would result in undue prejudice. Petitioner did not file a response.

III. **STANDARD OF REVIEW**

"The Federal Rules of Civil Procedure apply to motions to amend habeas corpus motions." *United States v. Duffus*, 174 F.3d 333, 336 (3d Cir.), *cert. denied*, 528 U.S. 866 (1999); *see also*

3

28 U.S.C. § 2242. Rule 15(a) provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is filed. Once a responsive pleading is filed, Petitioner may only amend his pleadings with Respondent's written consent or by leave of court. Fed. R. Civ. Pro. 15(a)(2). Respondent does not consent to the amendment. *See generally* Opposition.

A court may deny leave to amend a pleading where it court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2).

**IV. ANALYSIS**

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). This limitations period applies to new petitions "as well as amendments of existing motions to add new claims or legal theories after the one-year period has expired." *Mass v. United States*, No. 11-2407, 2014 WL 6611498,

at *3 (D.N.J. Nov. 20, 2014) (citing *United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000)).

Here, Petitioner filed his motion after the expiration of AEDPA's one-year statute of limitations. Petitioner's conviction became final on December 4, 2008, 90 days after the New Jersey Supreme Court denied certification on his direct appeal. 28 U.S.C. § 2244(d)(1)(A); *State v. Saunders*, 957 A.2d 1170 (N.J. 2008). The one-year period was tolled while his post-conviction relief ("PCR") petition was pending in the state courts, 28 U.S.C. § 2244(d)(2), and thus did not begin to run until the New Jersey Supreme Court denied discretionary review on January 7, 2015, *State v. Saunders*, 104 A.3d 1077 (N.J. 2015). As the filing of a § 2254 petition does not toll AEDPA's statute of limitations, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), the one-year period expired on January 7, 2016. Petitioner did not submit his motion until January 22, 2016, two weeks after the expiration of the statute of limitations.

Petitioner asserts that his motion to amend was delayed due to the seizure of his legal materials and submits the declaration of his former inmate paralegal as support. Motion to Amend ¶ 7; Declaration of Tivon Neals ("Neals Dec."). Mr. Neals indicates he was assisting Petitioner with his petition after it had been filed and suggested that he move to amend the pleadings as Petitioner had been "misadvised as to the grounds available

5

for relief . . . ." Neals Dec. ¶¶ 3-4. He further asserts that prison officials seized legal materials, including those related to Petitioner's case, on December 7, 2015. *Id.* ¶ 5. The grievance printout attached to the declaration indicates the seized materials were returned three days later on December 10. Motion to Amend at 46. Thus, even if the Court were to equitably toll the statute of limitations during the three days during which Petitioner did not have access to his legal materials it would still be late as the motion was filed more than three days after the expiration of the statute of limitations. Moreover, Petitioner made no mention of the seizure of his legal papers or his intent to file a motion to amend the petition in his motion for a second extension of time dated December 15, 2015. Second Motion for Extension. Therefore, there is no reason to extend the statute of limitations.

As the motion itself is untimely under § 2244, the new grounds for relief must relate back to the original petition in order not to be time-barred under AEDPA. "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the conduct, transaction, or occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (alteration in original) (quoting Fed. R. Civ. Pro. 15(c)). In *Mayle*, the Supreme Court rejected the argument that an amendment to a habeas petition

6

relates back to the original petition "so long as the new claim stems from the habeas petitioner's trial, conviction, or sentence. Under that comprehensive definition, virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." *Id.* at 656-57. The Court held that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659.

In his original petition, Petitioner presented three grounds for relief: that the trial court erred by prohibiting Petitioner's witnesses from testifying about his statements to them; the trial court erred by failing to question jurors after some expressed concern for their safety and by failing to instruct them not to allow any such concerns to influence their deliberations; and, trial counsel was ineffective for failing to call certain witnesses at trial. Petition, Addendums C-E. He seeks to add a claim of prosecutorial misconduct, containing several subparts, and a claim of ineffective assistance of counsel.

In his claim of prosecutorial misconduct, Petitioner alleges the prosecutor misstated the facts of the case and criticized defense counsel in her summation; that she

7

impermissibly vouched for the investigator's credibility; and that she commented on Petitioner's decision not to testify. None of the facts alleged in the proposed amendment can be said to have a "common core of operative facts" with his original claims concerning the trial court's failure to admit certain evidence and adequately instruct the jury or his trial counsel's performance. It is an entirely new legal theory of relief. Petitioner's decision to follow the advice not to include this ground in his original petition does not excuse the late filing,[1] and allowing the amendment would permit Petitioner to evade AEDPA's statute of limitations. As such, the prosecutorial misconduct claim is time-barred, and the motion to amend is denied as to Point I.

Petitioner's ineffective assistance of trial counsel claim as set forth in Point II is not a new legal theory, however. In the original petition, Petitioner asserted trial counsel was

---

[1] Petitioner was notified on several occasions that his § 2254 petition must include all of the grounds he wished this Court to consider. He signed under penalty of perjury that "I have been notified that I must include in this petition all the grounds for relief from the conviction or sentence that I challenge, and that I must state the facts that support each ground. I also understand that *if I fail to set forth all the grounds in this petition, I may be barred from presenting additional grounds at a later date*." Petition at 17 (emphasis added). The Court gave Petitioner additional time to submit Addendum F, and Petitioner elected not to do so even after being notified that failure to provide the Addendum would constitute waiver of that ground. *See* April 29, 2015 Order; Order to Answer.

ineffective for failing to call certain witnesses at trial. *See* Petition Addendum E. The "new" Point II sets forth Petitioner's arguments as to how those witnesses would have helped him at trial. In other words, Point II is merely an explanation of the facts forming the basis of Petitioner's original Ground Three. The facts in Point II clearly arise from the same set of circumstances as Ground Three, namely trial counsel's allegedly deficient failure to present witnesses. The amendment therefore relates back to the original petition. *See United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000) (holding courts may "permit an amendment to a petition to provide factual clarification or amplification"). The Court shall therefore continue to analyze Point II pursuant to Federal Rule of Civil Procedure 15(a)(2).

**B. Federal Rule of Civil Procedure 15**

Respondent urges the Court to deny the motion to amend as being in bad faith, prejudicial, unduly delayed, and futile. The Court finds that none of these circumstances exist, and the amendment shall therefore be permitted as to Point II only.

As previously noted, the motion to amend the pleadings was filed after the AEDPA statute of limitations had passed and after significant briefing had taken place in this matter. However, delay alone is generally not a basis to deny a motion to amend. *See United States v. Duffus*, 174 F.3d 333, 337 (3d

Cir. 1999). Although Petitioner did not mention in either of his motions to extend the period of time to file his traverse that he was considering filing a motion to amend, there is insufficient evidence in the record to conclude that the motion was filed out of bad faith or in an effort to delay proceedings.

Furthermore, there is little prejudice to Respondents by allowing the amendment, if any. Respondent's answer includes a detailed analysis of the PCR court's evidentiary hearing wherein trial counsel's decision not to call the named witnesses was analyzed under the applicable standard of review. *See* Answer at 66-81. In essence, Respondent has already set forth its arguments on this point.[2]

In assessing futility, the Court uses the same standard as Rule 12(b)(6). *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010). The Court must examine the proposed amended pleading and determine whether, after giving Petitioner the benefit of all reasonable inferences, the proposed amendment states a claim for relief on its face. Under that standard, the Court cannot say that amendment would be futile. The Court will therefore permit the amendment of Ground Three as set forth in Point II.

---

[2] Indeed the focus of Respondent's prejudice analysis is on the prosecutorial misconduct claim, not the ineffective assistance of counsel claim. *See* Opposition at 3.

10

In the event Respondent wishes to file a supplemental answer responding to Point II, it may do so within 20 days of the date of this Opinion and Order. Petitioner may submit his all-inclusive traverse within 20 days of receipt of the supplemental answer, or no later than 40 days of the date of this Opinion and Order if Respondent does not file a supplemental answer. No further extensions of time will be permitted.

**IV. CONCLUSION**

For the reasons stated above, the motion to amend is denied as to Point I and granted as to Point II.

An accompanying Order will be entered.

 **September 7, 2016**       **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                         Chief U.S. District Judge